FIDELITY TRUST CO. v. ELBERTON & E. RY. CO.

(District Court, N. D. Georgia.     September 25, 1916.)

No. 22.

1. RAILROADS ☞188—MORTGAGES—FORECLOSURE—INTERVENTION.

In a suit to foreclose a mortgage or deed of trust given to secure bonds issued by railroad company, stockholders seeking to intervene cannot inject by their answer issues as to whether some of the stockholders had paid for the stock held by them.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 618–621; Dec. Dig. ☞188.]

2. RAILROADS ☞183—MORTGAGES—FORECLOSURE—DEFENSES.

Where a contractor, having constructed a line of railroad, disposed of part of the bonds given for the purchase price, foreclosure of the mortgage securing the bonds cannot be denied because of the contractor's breach of contract damaging the corporation, but the claim should, after the mortgage has been foreclosed, and the money paid into court, be urged as against the interest of the contractor in the proceeds, so an intervention setting up the contractor's breach should be denied.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 612; Dec. Dig. ☞183.]

3. RAILROADS ⬡⟶186—MORTGAGES—FORECLOSURE—INTERVENTION—DEFENSES.
   In such case, where there was a suit pending against the contractor in another district involving its breach of contract and right to interest on money deposited with it, that fact is an additional ground for denying intervention to defeat foreclosure.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 615, 616; Dec. Dig. ⬡⟶186.]

In Equity. Suit by the Fidelity Trust Company against the Elberton & Eastern Railway Company. On application by stockholders for leave to intervene. Application denied.

W. A. Slaton, of Washington, Ga., and S. G. McLendon, of Atlanta, Ga., for interveners.

King & Spalding, of Atlanta, Ga., for respondent.

NEWMAN, District Judge. This is a suit brought by the Fidelity Trust Company, as the trustee under a mortgage or deed of trust to secure certain bonds, to foreclose the mortgage. Application was made for the appointment of receiver. A temporary receiver was appointed, and his appointment was subsequently made permanent.

[1] This application to intervene is on behalf of certain stockholders. Attached to the application to intervene in the case and become parties defendant is the draft of an answer which would be filed if leave to intervene were granted. This answer sets up certain things which are matters affecting the internal organization and management of the corporation, which clearly could not be set up as a defense to this foreclosure suit. It also sets out that the stock owned by certain stockholders was not paid for. That is a matter which, of course, cannot be set up as a defense to this foreclosure proceeding.

[2] The bonds which were issued under the mortgage sought to be foreclosed were given to the Fidelity & Deposit Company to pay it, as the ultimate contractor, for the building of the railroad. There is no question raised about this. It is asserted by the plaintiff, the Fidelity Trust Company, that one-half of these bonds went to and are now held by the J. F. Cogen Company of New York; the other $150,000 being the property of the Fidelity & Deposit Company.

There is a question made in the intervention as to the fact that the road was not finished within the specified time, and certain damages are claimed for that, as well as interest on fifty thousand dollars claimed to have been deposited with the Fidelity & Deposit Company to secure it for going on the bond of the McCord Company, the original contractor.

At all events, all that seems to be claimed here of a substantial character is against the Fidelity & Deposit Company, there being certain allegations in the intervention to the effect that the Fidelity Trust Company, the plaintiff, is so connected with the Fidelity & Deposit Company as that they are one and the same in law and in legal effect.

I have come to this conclusion about the right to intervene in this case: That, so far as the interveners represent the corporation and

can set up any rights against the Fidelity & Deposit Company, that can be done hereafter. The bonds represented by the plaintiff and secured by the deed of trust should be brought into court and the owners of the same should be named. If, as claimed by the plaintiff, one-half of these bonds are still in the hands of the Fidelity & Deposit Company, any claim against that company can be brought, if at all, at that time, and certainly should not be interposed now to prevent a decree of foreclosure of the mortgage. When the property is sold and the money brought into court, it seems to me that all matters that exist between the corporation and the Fidelity & Deposit Company can be readily ascertained and determined.

[3] It appears from an answer filed by the respondent here, and by the exhibit to the court of a copy of the proceeding, that a suit has been brought by the trustee in bankruptcy of the McCord Contracting Company, the original contractor to build the Elberton & Eastern Railroad, against the Fidelity & Deposit Company and the Elberton & Eastern Railway Company, in the United States District Court for the Southern District of New York, and is there now pending; the object of the suit being to recover the money deposited with the Fidelity & Deposit Company. It is stated by this answer that in that suit the Elberton & Eastern Railway Company has pleaded; so that the fact that the matter is pending in another court of competent jurisdiction, in which the right of the Fidelity & Deposit Company to retain the money in its hands is at issue, would be an additional reason for denying the right of the interveners to come into this court as to that part of their case.

In the case of Dickerman v. Northern Trust Company, 176 U. S. 181, 20 Sup. Ct. 311, 44 L. Ed. 423, in concluding a very interesting opinion, which, taken altogether, is very strongly against the right to intervene in cases like this, Mr. Justice Brown, delivering the opinion of the court, says:

"This is a decree ordering a foreclosure and sale of the property to pay the bonds, to which the bondholders are clearly entitled. It finds that all the bonds were duly issued, negotiated, and sold, and that they are outstanding and valid obligations of the company, and that they are now held by a large number of persons who have become the owners thereof for a valuable consideration. These bonds must ultimately be presented for redemption from the proceeds of sale, and we see nothing in the decree appealed from to prevent an inquiry being instituted as to their validity in the hands of their present holders. We are clearly of opinion that, so far as they were purchased for a valuable consideration by innocent holders, they are not subject to the set-off claimed. The question whether, so far as they are held by parties cognizant of the alleged fraud, they are subject to a set-off, is not one which properly arises in this case, where the bonds must be treated as an entirety, but is a defense applicable to each individual bondholder."

It seems to me perfectly clear that all that can be properly claimed, if that can be, is the set-off against the bonds in the hands of the Fidelity & Deposit Company, when it shall present those bonds for payment.

That and the additional fact that the matter of the right of the Fidelity & Deposit Company to retain this $50,000 is now pending in another court, seem to be ample grounds for denying the right to intervene as to that matter.

If there be any right on the part of the corporation to recover against certain stockholders, that is a matter to which the court, through its receiver, can give proper attention.

The application for leave to intervene is denied.